**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SONYA L. WILSON,

    Plaintiff,

vs.                                        Case No. 3:22-cv-825-MMH-PDB

CARLOS DEL TORO, Secretary,
Department of the Navy,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff, proceeding pro se, initiated this action on August 2, 2022, by filing a Complaint for Employment Discrimination (Doc. 1). Plaintiff also requested leave to proceed in forma pauperis. See Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 2; Application), filed August 2, 2022.[1] On August 19, 2022, the Honorable Patricia D. Barksdale, United States Magistrate Judge, directed Plaintiff to file an amended complaint suing only her employer or show cause why other individuals should be named as defendants. See Order (Doc. 3) at 2. In compliance with Judge Barksdale's

---

[1] As noted on the Court's docket, Plaintiff paid the filing fee on September 22, 2022, rendering her Application moot.

order, Plaintiff filed an amended complaint naming only one Defendant on August 30, 2022. See Complaint for Employment Discrimination (Doc. 4; Amended Complaint). However, Plaintiff attached forty-seven pages of various documents to her Amended Complaint. See Amended Complaint, Attachment (Doc. 4-1; Exhibits). On November 10, 2022, Judge Barksdale advised Plaintiff that, even as a pro se litigant, she must comply with all procedural rules. See Notice to Plaintiff (Doc. 13) at 1–2. After receiving several extensions of time, Plaintiff effected service of process on Defendant in May of 2023. See Proof of Service (Doc. 28); Proof of Service (Doc. 29); Proof of Service (Doc. 29-1). Defendant subsequently filed a motion seeking a more definite statement of Plaintiff's Amended Complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure (Rule(s)). See Defendant's Motion for More Definite Statement (Doc. 33; Motion), filed July 17, 2023.

On August 3, 2023, the Court struck the Amended Complaint for failure to comply with Rules 8 and 10. See Order (Doc. 36; Order). The Court noted that the Amended Complaint had several deficiencies:

> Here, Plaintiff fails to present "a short and plain statement of the claim showing that" she is entitled to relief. Rule 8(a)(2). In the Amended Complaint, Plaintiff asserts that Defendant engaged in discriminatory conduct by failing to hire her, terminating her, failing to accommodate her disability, and retaliating against her because of her race, color, gender/sex, religion, and disability or perceived disability. See Amended Complaint at 4. Plaintiff does not, however, explain the facts upon which any of these claims are based or the dates on which the

> alleged events occurred. See id. at 4–5. In her Exhibits, Plaintiff alleges some facts under headings such as "Race" and "Gender," but Plaintiff does not explain which facts apply to each of Defendant's alleged discriminatory acts. See Exhibits at 5. After several pages of other material in the Exhibits, Plaintiff includes another page of narrative, but it is unclear how the allegations in the narrative connect to the claims in the Amended Complaint. See id. at 13.
>
> In addition, the Court concludes that Plaintiff has not complied with Rule 10. Plaintiff does not consistently use numbered paragraphs limited "as far as practicable to a single set of circumstances" to state her claims. Rule 10(b). Moreover, she does not state "each claim founded on a separate transaction or occurrence" in a separate count. Id. Plaintiff's manner of pleading is wholly insufficient to apprise Defendant of the claims being brought against him. Thus, as currently drafted, Defendant cannot be expected to frame a responsive pleading.

Id. at 4–5. The Court directed Plaintiff to file a second amended complaint which "shall utilize consecutively numbered paragraphs, separate counts, and describe in sufficient detail the factual basis for each claim." Id. at 5. The Court also gave Plaintiff the option of using a form complaint:

> In the alternative, Plaintiff may use another pro se form complaint for employment discrimination. The Court notes, however, that if Plaintiff uses the form, she must carefully and completely fill out the form so that the Court and Defendant can determine what claims Plaintiff is bringing and what the factual basis for each claim is.

Id. (footnote omitted) (emphasis added). The Court ordered Plaintiff to file a second amended complaint "consistent with the directives of this Order" on or before September 5, 2023, and cautioned her that "[f]ailure to do so may result in a dismissal of this action." Id. at 6.

- 3 -

On September 1, 2023, Plaintiff filed her second Amended Complaint for Employment Discrimination (Doc. 37; Second Amended Complaint). She also attached ninety-six pages of miscellaneous materials. See Second Amended Complaint: Attachments (Doc. 37-1; Amended Exhibits). Upon review of the Second Amended Complaint, the Court finds that, although Plaintiff timely filed her Second Amended Complaint, she failed to file an amended complaint "consistent with the directives of [the Court's] Order." Indeed, Plaintiff's Second Amended Complaint remains an incomprehensible shotgun pleading in violation of the Rules and the Court's prior Order. For her Second Amended Complaint, Plaintiff used a form complaint for alleging employment discrimination. See generally Second Amended Complaint. However, in violation of the Court's directive that she completely and carefully fill out the form, Plaintiff did not respond to section III.E. of the form where a plaintiff is expected to explain the facts underlying her claim: "The facts of my case are as follows." Id. at 4. Additionally, Plaintiff did not fill in section V of the form, which asked her to state the relief she requests. See id. at 5. In her ninety-six pages of Amended Exhibits, Plaintiff still does not explain the factual basis for her claims or clarify the relief she seeks. While Plaintiff again includes some attached pages with factual allegations, she fails to explain how those facts support any particular claim. See Amended Exhibits at 5–7. Therefore, Defendant cannot be expected to frame a responsive pleading.

Complaints that violate Rule 8 by failing to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" are known as "shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015)).  Significantly, this Court has the "inherent authority" to "dismiss a complaint on shotgun-pleading grounds." Id. (quoting Weiland, 792 F.3d at 1320); see Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020).[2] Before doing so, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018); see Vibe Micro, 878 F.3d at 1295. Where the pleader fails to remedy the problem after being given a chance to do so, dismissal of a shotgun pleading with prejudice is warranted. See Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020); Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018).

Here, the Court identified the specific deficiencies of the Amended Complaint and gave Plaintiff an additional opportunity to file a proper complaint. See generally Order. Defendant also noted the deficiencies in the

---

[2] The Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

- 5 -

Amended Complaint and cited legal authority about shotgun pleadings. See Motion at 7–10. Notably, in addition to providing Plaintiff with an opportunity to cure the pleading deficiencies in her Amended Complaint, in the Order the Court directed Plaintiff to resources on the Court's website to assist pro se parties, including a Legal Information Program that allows pro se litigants to meet with an attorney for free and get answers to general questions. See Order at 6. Thus, after being given notice and an additional opportunity to plead a proper complaint, Plaintiff has failed to remedy the pleading deficiencies in her complaints. Indeed, Plaintiff has not even attempted to comply with the Court's direction that she completely fill out the form if she chose to use a form complaint.

On this record, the Court is convinced that Plaintiff is unable or unwilling to comply with the Court's directives and that nothing less than dismissal will suffice. See Sarhan, 800 F. App'x at 772. "Even pro se plaintiffs must comply with pleading rules or face judgment day," Tran, 817 F. App'x at 915, and for Plaintiff, that day has come. Despite the Court's guidance on the problems with the Amended Complaint and an opportunity to fix those deficiencies, the Second Amended Complaint remains an indecipherable shotgun pleading.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Second Amended Complaint for Employment Discrimination (Doc. 37) is **DISMISSED**.

2. The Clerk of the Court is directed to enter judgment dismissing this case, terminate any deadlines or pending motions as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 14, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc30
Copies to:

Counsel of Record
Pro Se Parties

- 7 -